Foote v. Forbes.

---

JULIA A. FOOTE v. IRA W. FORBES, *Street Commissioner, &c.*

INJUNCTION; *District Judge at Chambers, Jurisdiction of.* Where a judge of the district court at chambers grants a temporary injunction to restrain a street commissioner from opening what he claims to be a public alley — the injunction being granted upon the ground that the land belongs to the plaintiff and is not a public alley — the same judge has jurisdiction, at chambers, on motion of the defendant, and upon sufficient evidence being introduced, to dissolve said temporary injunction, on the ground that the disputed tract of land does not belong to the plaintiff, but is a public alley.

*Error from Washington District Court.*

INJUNCTION, brought by *Foote* against *Forbes,* as street commissioner, etc. The nature of the action, and the facts, appear in the opinion. March 12, 1880, the judge of the district court dissolved a temporary injunction which had been granted in the action. *Foote* brings the case to this court.

*J. G. Lowe,* and *J. W. Rector,* for plaintiff in error.

*Chas. Smith,* and *T. J. Humes,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: Plaintiff in error filed her petition in the district court of Washington county, on the 22d day of Jan-

uary, 1880, alleging that she was the owner in fee simple, and had and held the quiet, peaceable and undisturbed possession of certain town lots in the city of Washington, and was at that time residing upon them as hotel grounds; that she and her grantors had held the quiet and peaceable possession of the same for more than fifteen years; that each lot had a depth from north to south of 165 feet, and that she and her grantors had held possession of the ground embraced in the lots for the full depth of 165 feet from north to south during all of said time; that upon the north $16\frac{1}{2}$ feet she had erected lasting and valuable improvements, buildings of great value; that there is no alley platted, or in said block where the lots are situated, running from east to west and dividing the block; that defendant in error, who was street commissioner of the city of Washington, threatened, as such officer, and was about to tear down, remove and destroy the buildings and improvements on the north $16\frac{1}{2}$ feet of said lots, and that he would do so unless restrained by the court; that the same would result in loss and damage to plaintiff in error, that the damage would be lasting and irreparable, and that plaintiff in error had no adequate or sufficient remedy at law; and prayed for an order restraining defendant in error and his successors in office from doing the wrongful act.

Upon this showing the judge at chambers ordered that defendant in error be temporarily restrained from doing the alleged wrongful act. An undertaking was duly executed, as ordered, and was approved.

To this petition defendant filed his answer, on the 21st day of February, 1880, admitting that he would have done the act complained of, but for the order of the court; and justified by alleging that the $16\frac{1}{2}$ feet of ground from which he intended removing the buildings was not the property of the plaintiff in error; that her alleged possession was wrongful; that the $16\frac{1}{2}$ feet of disputed ground had been dedicated as an alley of said city of Washington, and belonged to the public generally for public use. On March 2, 1880, plaintiff replied by denying generally the allegations in the answer. On

March 12, 1880, defendant in error moved to have the order granting the temporary injunction set aside, for the reason that the allegations in the petition upon which it was granted are not true. This motion was heard by the judge of the court at chambers, upon affidavits, and he evidently found from the evidence introduced that the allegations and grounds upon which the injunction was granted are not true, and consequently dissolved the injunction. The order of the judge made upon the hearing of the motion, reads as follows:

"It is considered and ordered that said motion be allowed, and that the injunction heretofore granted in said cause be and the same is hereby dissolved and set aside and held for naught."

After this order was made the plaintiff in error made a case for the supreme court, and in such case inserted the following agreement, to wit:

"It is agreed between the parties to this action that the ground upon which the district judge made the order dissolving the temporary injunction in said action is, that the evidence introduced upon the hearing of said motion at chambers established, in the opinion of said judge, the falsity of the matters and allegations generally set out in the verified petition of the plaintiff upon which the temporary injunction was granted, not that defendant did not intend to remove the buildings and improvements from the disputed ground, but that the evidence, in the opinion of the judge, showed that the allegations in plaintiff's petition, that the disputed territory is not a public alley, and that the same is a part of plaintiff's lots, are not true; and the only question which it is desired that the supreme court shall pass upon is, whether or not the judge had jurisdiction at chambers to make the order dissolving the temporary injunction upon said ground, and all other errors, if there be any, are waived; and it is further agreed that if this question be decided in the affirmative by the supreme court, that the order of the judge dissolving the injunction may be affirmed, and that if it be decided in the negative, that said order may be reversed; and it is understood between the parties that the question as to whether or not the judge erred in his opinion as to what the evidence showed, is not to be presented to the supreme court.

"Dated this 15th April, 1880."

Braden, *Sheriff, &c.,* v. Union Trust Co.

It will be seen from the foregoing agreement that the only question for this court to consider is, whether or not the said judge had *jurisdiction* at *chambers* to make said order *dissolving* said temporary injunction upon said ground that the disputed tract of land *did not belong* to the plaintiff, but that it was a public alley.

We think that the judge had fully as much jurisdiction to find that the property did not belong to the plaintiff, and to dissolve the injunction, as he had in the first instance to find or assume that the plaintiff did own the property, and to grant the injunction. In either case we think the judge had ample jurisdiction. And the decision of the judge in either case as to the *ownership* or *status* of the property can hardly be called a judicial determination. It is not an adjudication that can affect anything further than the granting or dissolving of the injunction; and except for the granting or dissolving of the injunction, it is no adjudication at all. It does not affect the ownership or *status* of the property, and cannot affect any question that may eventually arise on the final trial of the case upon its merits.

We think the judge of the court below had jurisdiction to make the decision which he did, and that the decision is right; and therefore it will be affirmed.

All the Justices concurring.